UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 17 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCES JORDAN, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION No. B-02-213 |
| | * | |
| UNITED STATES POSTAL SERVICE, | * | |
| Defendant. | * | |

### FEDERAL DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Federal Defendant, the United States Postal Service, (referred to herein as "Defendant"), by its attorneys, Michael Shelby, United States Attorney for the Southern District of Texas, Nancy Masso, Assistant United States Attorney, and Kathleen M. Arndt, Attorney for the United States Postal Service, and for its Answer to Plaintiff's Complaint (referred to herein as the "Complaint"), states the following upon information and belief. With regard to the allegations contained in the numbered paragraphs of the Complaint, Defendant responds as follows, according to the numbered paragraphs thereof:

### I. RESPONSE

#### Alleged Parties

Defendant admits the allegations of the Paragraph of the Complaint titled Complaint titled "Plaintiff."

Defendant denies the allegations of the Paragraph of the Complaint titled "Defendants". The United States Postal Service is not a federal agency or department but rather, pursuant to 39 U.S. C. §201, is an independent establishment of the

executive branch of the federal government. Answering further, pursuant to 28 U.S.C. §2675 and/or 2679(a), the United States Postal Service is not a proper party in cases brought pursuant to the Federal Tort Claims Act.

### Alleged Jurisdiction

Defendant avers that the allegations contained in the Paragraph of the Complaint titled "Jurisdiction" sets forth Plaintiff's claim as to the statutory and jurisdictional basis of her action, and as such constitute conclusions of law to which no answer is required. However, to the extent that the aforementioned paragraph may be deemed to contain allegations of fact, they are hereby denied and strict proof of such will be required at trial. Additionally, pursuant to 28 U.S.C. §2675 and/or 2679(a), the Court is without subject jurisdiction over the instant action because the United States of America is the only proper Federal Defendant in this action, and the United States of America is not named as a party and any and all claims against the United States Postal Service must be dismissed.

### Alleged Venue

Defendants aver that the allegations contained in the Paragraph of the Complaint titled "Venue" sets forth Plaintiff's claim as to the venue of her action, and as such constitute conclusions of law to which no answer is required. However, to the extent that the aforementioned paragraph may be deemed to contain allegations of fact, they are hereby denied and strict proof of such will be required at trial.

### Facts Alleged

1.   Defendant admits the allegations of Complaint Paragraph 1.

2.      Defendant avers that it is without sufficient information to form a belief as to the truth or falsity of the statements averred in Paragraph 2 of the Complaint and accordingly such allegations are denied and strict proof of same will be required at trial.

3.      Defendant denies the allegations of Complaint Paragraph 3.

4.      Defendant denies the allegations of Complaint Paragraph 4.

### Alleged Liability of Defendant United States Postal Service

5.      Defendant admits the allegations of Complaint Paragraph 5.

6.      Defendant denies the allegations of Complaint Paragraph 6.

7.      Defendant denies the allegations of Complaint Paragraph 7.

8.      Defendant denies the allegations of Complaint Paragraph 8.

9.      Defendant denies the allegations of Complaint Paragraph 9.

9A.     Defendant denies the allegations of Complaint Paragraph 9A.

9B.     Defendant denies the allegations of Complaint Paragraph 9B.

9C.     Defendant denies the allegations of Complaint Paragraph 9C.

9D.     Defendant denies the allegations of Complaint Paragraph 9D.

9E.     Defendant denies the allegations of Complaint Paragraph 9E.

9F.     Defendant denies the allegations of Complaint Paragraph 9F.

### Alleged Proximate Cause

10.     Defendant denies the allegations of Complaint Paragraph 10.

Alleged Damages for Plaintiff, Frances Jordan

11.     Defendant denies the allegations of Complaint Paragraph 11.

12.     Defendant denies the allegations of Complaint Paragraph 12.

12A.    Defendant denies the allegations of Complaint Paragraph 12A.

12B.   Defendant denies the allegations of Complaint Paragraph 12B.

12C.   Defendant denies the allegations of Complaint Paragraph 12C.

12D.   Defendant denies the allegations of Complaint Paragraph 12D.

12E.   Defendant denies the allegations of Complaint Paragraph 12E.

12F.   Defendant denies the allegations of Complaint Paragraph 12F.

12G.   Defendant denies the allegations of Complaint Paragraph 12G.

13.    Defendant denies the allegations of Complaint Paragraph 13.

### Prayer

With respect to the allegations contained in the paragraph following the title "Prayer," Defendants aver that the allegations contained therein constitute Plaintiff's prayer for relief to which no answer is required. However, to the extent that the aforementioned paragraph may be deemed to contain allegations of fact, they are hereby denied.

### II. DEFENSES

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to 28 U.S.C. §2675 and/or 2679(a), the Court is without subject jurisdiction over the instant action because the United States of America is the only proper Federal Defendant in this action, and the United States of America is not named as a party and any and all claims against the United States Postal Service must be dismissed.

### Second Affirmative Defense

Plaintiff has failed to effect proper service on the proper party as required by the Federal Rules of Civil Procedure.

### Third Affirmative Defense

Plaintiff's claims are barred by sovereign immunity.

### Fourth Affirmative Defense

Defendant, the United States, through its employees and agents, acted with due care and diligence at all relevant times.

### Fifth Affirmative Defense

The alleged injuries and damages in the Complaint were not proximately caused by the negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

### Sixth Affirmative Defense

In the event that the United States is found to have been negligent (which negligence is denied), Plaintiff's negligence was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery (or alternatively, mandating that any recovery be proportionately reduced).

### Seventh Affirmative Defense

Plaintiff's relief, if any, is barred or limited by federal statute and state law theories of comparative responsibility and/or contribution. *See, e.g., 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 et seq. and 33.001 et seq.*

### Eighth Affirmative Defense

Plaintiff's relief, if any, should be restricted to damages allowable under Texas statutory and common law. That is, all state defenses available to "a private individual under like circumstances" are available to the United States. *28 U.S.C. § 2674.*

### Ninth Affirmative Defense

Plaintiff has failed to mitigate her damages.

### Tenth Affirmative Defense

Plaintiff's damages, if any are limited to an amount of the sum certain demanded in her administrative claim. *28 U.S.C. 2675(b).*

### Eleventh Affirmative Defense

Plaintiff is not entitled to any prejudgment interest against the defendant in accordance with *28 U.S.C. § 2674. See also 31 U.S.C. § 1304(b)(1).*

### Twelfth Affirmative Defense

Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

### Thirteenth Affirmative Defense

Defendant reserves its right to raise additional defenses that become apparent through the factual development of the case.

### Fourteenth Affirmative Defense

Plaintiff cannot recover attorneys' fees from the United States. 28 U.S.C. §2412(d)(1)(A).

### Fifteenth Affirmative Defense

Plaintiff's recovery is limited to damages recoverable under the Federal Tort Claims Act.

### Sixteenth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Seventeenth Affirmative Defense

Plaintiff is not entitled to any relief whatsoever. Defendant denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

WHEREFORE, having fully answered the Complaint, Defendant prays that it be dismissed with prejudice, and that judgment be awarded in favor of Defendant, together with costs, and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Nancy Masso
Assistant United States Attorney
600 East Harrison, #201
Brownsville, TX 78520-7114
956/548-2554/Fax: 956/548-2549
State Bar No. 00800490
Federal I.D. No. 10263

OF COUNSEL:
Kathleen M. Arndt
Attorney
United States Postal Service
St. Louis Law Office
P.O. Box 66640
St. Louis, MO 63166-6640
Tel: (314) 872-5120/Fax: (314) 872-5192

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the foregoing Original Answer and Defenses via Certified Mail, Return-Receipt Requested on this the __17th__ day of __January__, 2003 to:

**PLAINTIFF'S ATTORNEY**

Gene McCullough
McCullough and McCullough
323 E. Jackson
P.O. Box 2244
Harlingen, TX 78551-2244

Nancy Masso
Assistant United States Attorney