United States District Court
Southern District of Texas
FILED

MAR 1 3 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Frances Jordan | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-213 |
| | § | |
| United States of America | § | |
| Defendants | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Answer: **March 10, 2003 by telephone; Gene McCullough and Nancy Masso.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    Answer: **None.**

3. Specify the allegation of federal jurisdiction.

    Answer: **Federal Tort Claims Act (FTCA), pursuant to 28 U.S.C. §2675 and/or 2679(a).**

4. Name the parties who disagree and the reasons.

    Answer: **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Answer: **Mr. Jordan, possible plaintiff, brought by Plaintiff.**

6. List anticipated interventions.

    Answer: **None.**

7. Describe class-action issues.

    Answer: **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(f). If not, describe the arrangements that have been made to complete the disclosures.

    Answer: **Disclosures to be provided by March 17, 2003.**

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

        Answer: **On March 10 and 11, 2003, the parties met and discussed all matters raised in Rule 26(f). The parties anticipate taking fact witness depositions early in the discovery phase. In addition, the defendant intends to depose any experts as soon as practicable after the plaintiff's deposition, but no later than May or June 2003. The parties are cognizant of each others hectic schedules and will do all they can to accommodate each other in the scheduling of depositions or other pretrial matters.**

    B. When and to whom the plaintiff anticipates it may send interrogatories.

        Answer: **Defendant, within three (3) days.**

    C. When and to whom the defendant anticipates it may send interrogatories.

        Answer: **Defendant, within forty-five (45) days.**

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

        Answer: **Property manager or person identified in Interrogatories.**

    E. Of whom and by when the defendant anticipates taking oral depositions.

        Answer: **Plaintiffs; 120 days.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(b) and when the opposing party will be able to designate responsive experts and provide their reports.

Answer: **120 days for Plaintiff; 45 later for Defendant.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(b) (expert report).

Answer: **Treating physicians and other experts as necessary.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(b) (expert report).

Answer: **Once experts have been designated, Defendant will depose as necessary.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   Answer: **None.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   Anwser: **None.**

12. State the date the planned discovery can reasonably be completed.

   Answer: **August 15, 2003**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   Answer: **Fair.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   Answer: **Both parties agreed to explore all settlement options including the exchange of documents pertinent to**

**determining an accurate settlement in as soon as ten (10) days after the hearing.**

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Answer:   **Mediation.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Answer:   **Can not agree.**

17. State whether a jury demand has been made and if it was made on time.

    Answer:   **No demand under FTCA.**

18. Specify the number of hours it will take to present the evidence in this case.

    Answer:   **Twelve (12) hours.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Answer:   **Motion for Leave to Amend Pleadings.**

20. List other motions pending.

    Answer:   **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

    Answer:

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Answer:

_____          _____
Gene McCullough                                              Nancy Masso

State Bar No. 00794267
Federal ID: 19292
323 East Jackson Street
P.O. Box 2244
Harlingen, Texas 78551-2244
Tel. (956) 423-1234
Fax. (956) 423-4976
Attorney for Plaintiff, Frances Jordan

Assistant United States Attorney
State Bar No. 00800490
Federal ID: 10263
600 East Harrison, #201
Brownsville, Texas 78520-7114
Tel. (956) 548-2554
Fax. (956) 548-2549
Attorney for Federal Defendant,
United States of America